## WILLIAM COULTAS, impleaded, etc.,

### *v.*

## LYNN L. GREEN.

1. STIPULATIONS — *binding force of.* Where the parties to a suit, enter into a stipulation, and agree, that a decree shall be entered therein according to the case made by the pleadings, and that said decree shall be entered of the term at which said agreement was made, — *held,* that, the agreement being a mutual one, neither party could take any further steps in the cause, and that a decree should have been entered in conformity with it.

2. SAME — *verbal agreement to dismiss suit.* This court has held, in a suit at law, that a verbal agreement between the parties to dismiss the suit, must be complied with.

APPEAL from the Circuit Court of Mason county; the Hon. JAMES HARRIOTT, Judge, presiding.

The facts in this case are sufficiently stated in the opinion.

Messrs. MORRISON & EPLER for the appellant.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The appellant, Coultas, and appellee, Green, who, by his bill in chancery, in the Mason Circuit Court, was seeking to set aside a sale of certain lands made by the sheriff of that county, and of which Coultas had become the purchaser, and who, with others, was made defendant to the bill, and had filed his answer, while the bill was pending, and the cause at issue by a replication put in to the answer, entered into this stipulation, which was filed in the cause and made a matter of record therein :

| |
|---|
| "LYNN M. GREEN, Complainant,<br>*v.*<br>WILLIAM COULTAS, THEODORE L. COOPER<br>and WILLIAM DWYER, Defendants. |

In Chancery.

"It is hereby agreed and stipulated by and between the said complainant, Lynn M. Green, and the defendant, William Coultas, that the sum due the said Coultas to this date on the two notes assigned to and held by him, as stated in the bill and answer filed in said entitled cause, is $4,947.50, and the sum due the said Green to date on the note assigned to and held by him as stated in said bill and answer, is $2,035, and it is further agreed and stipulated, that a decree be rendered in said cause at this term of court, setting aside and annulling the sheriff's sale of the real estate to the said Coultas, mentioned in said bill and answer, and also annulling and vacating the deed of conveyance made by the sheriff, conveying said real estate to said Coultas, referred to in said bill and answer, and that the said decree order the said Theodore L. Cooper, at a short day, to be fixed in said decree, to pay to the said Coultas and to said Green, respectively, the above mentioned sums, as above stated, and, in his default thereof, that the master in chancery of said county be ordered and directed, upon due notice given, to sell said real estate, to raise money to pay said sums so due on said notes, and that said mortgage be foreclosed

in favor of said Coultas and said Green, and that, after the payment of the costs in this cause, said master in chancery be ordered to apply the proceeds of said sale to the payment of said several sums so due on said notes, to this date, together with interest thereon, at six per cent per annum, from this date, according to the equitable rights and priority of lien of the parties to this stipulation in and to said mortgaged premises, as if the sale, the vacating of which is herein provided for, had never been made, which equitable rights and priority of lien and payment, shall be submitted to this honorable court, to be determined by the court in vacation, and decree to be rendered as of this term of court; right of appeal reserved to either party to this stipulation, by filing bond within sixty days after signing of decree, in such amount as may be required by the judge of this court in vacation, with security to be approved by said judge, and either party may furnish said court with brief of authorities before decree rendered.  June 27, 1866."

On the following day, June 28th, Green took a default against Cooper and Dwyer, and at the same time entered the decree and made the reference to the master as stipulated.  At the October Term following, Green entered his motion for leave to dismiss his bill, to which Coultas objected, and moved for a decree in pursuance of the stipulation, but the court allowed Green to dismiss his bill, to which Coultas excepted and prayed an appeal.

The errors assigned question the correctness of this action of the court.

The question is submitted *ex parte*, appellee failing to join in error.

We think there can be no doubt as to the meaning of the stipulation filed.  It is for a decree in the cause pending, and to be entered at the term at which the agreement was made.  On making this agreement and filing it, and making it a part of the record, the appellee yielded all power over the case.  The agreement was mutual also, and prevented appellant from taking any further steps in the cause.

This court, in a suit at law, compelled the parties to abide by a verbal agreement to dismiss the suit. *Toupin* v. *Gargnier*, 12 Ill. 79.

It is equitable, just and right, that appellee should comply with his agreement, and that a decree should be entered in conformity with it.

The decree of the Circuit Court is reversed, and the cause remanded, with directions to enter a decree according to the stipulation filed.

*Decree reversed.*