BESSIE W. IVES, EXECUTRIX,

v.

MATTHEW ASHELBY.

*Partnership—Rights and Liabilities of Surviving Partner—Bill by Executrix for Settlement of Accounts—Submission to Arbitrators—Award as Basis of Decree—Whether within the Submission—Motion by Complainant to Dismiss Bill.*

1. Upon appeal from a decree based on an award by arbitrators, under a stipulation submitting to them, for an accounting, certain partnership

dealings and transactions, it is *held:* That the award was within the submission; that it was proper to ascertain the extent of the firm's indebtedness, and whether the deceased partner had paid certain notes which he assumed upon entering the firm; that it was also proper to require the complainant to pay certain debts of the firm, applying the amount due from her to the defendant thereon; and that the court properly overruled the complainant's motion to dismiss her bill after overruling her motion to set aside the award.

2. Upon the death of one of two partners the survivor is liable for the firm debts, and has the right to appropriate the firm assets in the payment of its debts, and to call on the estate of the deceased partner for any balance due him on account of the partnership.

3. Where the parties to a bill for the settlement of a partnership business have submitted the matters involved to arbitrators for an accounting, and stipulated that their award shall be entered as the finding of the court, and be the basis for its decree, the complainant can not dismiss the bill after the court has overruled a motion to set aside the award.

[Opinion filed November 18, 1887.]

In error to the Circuit Court of Morgan County; the Hon. Cyrus Epler, Judge, presiding.

The plaintiff in error filed her bill in the Circuit Court of Morgan County against the defendant in error, seeking a settlement of the partnership accounts of the firm of Ashelby & Company, a firm composed of defendant in error and Charles L. Ives, the deceased husband of plaintiff in error

The firm was formed in November, 1875, and continued till the death of Mr. Ives in March, 1879.

The defendant in error, by his answer, admitted the fact of partnership; denied that the profits were to be equally divided, but alleged that he was to have the general management of the business, and was to receive two-thirds of the net profits; charged that he had advanced large sums of money to keep the business in operation; that the assets of the firm had deteriorated, and that the whole amount thereof, which, by the bill, was charged to be in his possession, would not more than reimburse his outlays; that the deceased, Ives, had, when the firm was formed, agreed to pay certain indebtedness, which was a part of the consideration upon which he was ac-

cepted as a partner; that he had not paid said indebtedness, which was still outstanding, amounting to $3,000; denied that he, defendant, had received more than his share, and charged that the deceased and the complainant had received more than defendant had of the net profits.

It appears that Ives died in the State of Connecticut, and that the complainant was granted letters testamentary in the Probate Court of New Haven in that State. The business of the firm was conducted, and its assets, real and personal, were situate, in Morgan County.

At the November term, 1884, the parties complainant and defendant entered into a written stipulation in which, after reciting the filing of the bill for a settlement of the matters growing out of the partnership and that the parties were desirous of submitting the question of the accounts between them involved in said suit to arbitrators, they agreed that the matters involved in the above entitled cause "shall be submitted to the above named Oscar D. Fitzsimmons, William Brown and William J. Bryan, who, after being first sworn according to law, shall proceed to take and state an account of all the co-partnership dealings and transactions between the said partners, and of all moneys received and paid out by either of them on account of the partnership property of said firm, and fix and determine what sum, if any, shall be paid by the said Matthew Ashelby to the said Bessie W. Ives, executrix, or by the said Bessie W. Ives to the said Matthew Ashelby, as the case may be, on account of said partnership property, or on account of the use of said partnership property, or on account of the expenditures thereon, and the award of said arbitrators, or a majority of them, signed by them, shall be binding upon both parties hereto, and shall be accepted as the true and correct statement of the account between the said parties, and shall be entered in said suit as the finding of said court, as to said accounts, and to become the basis of a decree in said cause, by the said Circuit Court, for the disposition of all the partnership property of said firm."

It was further stipulated that the partnership between the said Matthew Ashelby and Charles L. Ives was formed

November 4, 1875, and that on the said date the said partners became equal owners of the real estate (describing the same), and also of all the personal property which before that time had belonged to the firm of Ashelby & Imboden, consisting of horses, wagons, tools, ice, feed, etc., which said personal property constituted the capital of said partnership; that said Ashelby and Ives were to be equal partners and share equally the profits and losses of said business; that said Ives died, testate, on or about March 15, 1879; that Bessie W. Ives is the duly appointed executrix of his will and has the right to institute and maintain and carry on this suit; that the said arbitrators shall receive for their fees the sum of five dollars per day for each day actually employed, to be taxed as costs in this case."

The arbitrators afterward made report that having heard all the evidence and fairly considered the same they found as follows:

1.   That two notes for $1,000 each, with interest from March 1, 1884, at the rate of eight per cent. per annum, now held, one by Mrs. Mary J. Adams and the other by William Russell, and secured by a vendor's lien on the real estate of the partnership of Ashelby & Company, were assumed by Charles L. Ives when he entered into the partnership, and should be paid by his executrix.

2.   That the firm of Ashelby & Company is indebted to the Jacksonville National Bank in the sum of $6,058.20, of which one-half should be paid by Bessie W. Ives, executrix, and one-half should be paid by Matthew Ashelby.

3.   That the firm of Ashelby & Company is indebted to Matthew Ashelby in the sum of $5,243.80, after turning over to said Ashelby all the personal property of the firm and charging him with one-half the value of the same, of which said sum of $5,243.80, one-half should be paid by Bessie W. Ives, executrix, and one-half by Matthew Ashelby.

The said arbitrators therefore make the following award:

1st.   That Bessie W. Ives, executrix, pay to Mrs. Mary J. Adams and William Russell the said notes above mentioned, together with the interest therein as aforesaid, and also all

costs that have been incurred in the foreclosure of said ven dor's lien, and thus relieve the partnership property from said incumbrance.

2d. That said Bessie W. Ives, executrix, pay to the Jacksonville National Bank the sum of $5,650, that being the sum of amounts due from said Bessie W. Ives, executrix, to the Jacksonville National Bank and Matthew Ashelby, and that the payment of said sum of $5,650 to the Jacksonville National Bank by the said Bessie W. Ives, executrix, shall be a settlement in full of the partnership account between said Bessie W. Ives, executrix, and said Matthew Ashelby.

3d. That said Matthew Ashelby pay to the Jacksonville National Bank the sum of $408.20.

The said arbitrators hereby certify that they have been employed for twenty days each in hearing and examining the evidence in the above entitled cause, and in making the above award.

The plaintiff in error excepted to the report and assigned the following reasons:

1st. That the said arbitrators have exceeded the authority conferred upon them, in that they have taken into consideration and made an award as to an amount found due from the said Charles L. Ives to Mary J. Adams and William Russell, which was in no sense a partnership transaction between the said Matthew Ashelby and Charles L. Ives, deceased, and directs that the same be paid by Bessie W. Ives, executrix.

2d. They have exceeded the authority conferred upon them in that they have taken into consideration and made an award as to an amount due from the said firm of Ashelby & Company to the said Jacksonville National Bank, which was not a partnership transaction between the said Ashelby and Ives, deceased.

3d. That, after finding that the said firm of Ashelby & Company are indebted to M. Ashelby in the sum of $5,243.80, they award and direct that the complainant, Bessie W. Ives, executrix, pay to the Jacksonville National Bank the sum of $5,650, when, according to their finding, there is only due from the estate of Charles L. Ives, on account of the partner-

ship transactions between said parties, one-half of the aforesaid sum of $5,243.80, to-wit, the sum of $2,621.90.

The court disallowed the exceptions to said report, and the plaintiff in error excepted to this ruling of the court.

Complainant moved the court for leave to dismiss her bill of complaint in this cause. The court overruled the said motion, and complainant excepted to this ruling of the court.

Mr. EDWARD P. KIRBY, for plaintiff in error.

Arbitrators or referees constitute a special tribunal for the determination only of the special matters submitted to them. Their authority is derived wholly from the submission. Tidd's Practice, 822; Malcolm v. Fullarton, 2 T. R. 645; Reeves v. Eldredge, 20 Ill. 383.

An award of arbitrators must follow the submission, and any excess of authority exercised by the arbitrators invalidates it. Fisher v. Pimbley, 11 East, 193; Peters v. Pierce, 8 Mass. 398; Richards v. Todd, 127 Mass. 167; Sherfy v. Graham, 72 Ill. 158; Alfred v. Kankakee & Southwestern R. R. Co., 92 Ill. 609; McCormick v. Gray, 13 How. 26; N. Y. & C. R. R. Co. v. Myers, 18 How. 246; DeGroot v. United States, 5 Wall. 419.

A complainant may dismiss his suit at any time before decree actually rendered. Smith's Ch. Pr. (2d Am. Ed.) p. 312; 2 Dan. Ch. Pr. (Perkins' Ed.) p. 929; Maddock's Ch. Pr. Vol. 2, p. 389; Dixon v. Parks, 1 Ves., Jr., 402; Curtice v. Lloyd, 4 Mylne & C. 194.

This rule is recognized in our statute regulating the practice in chancery which forbids a complainant to dismiss his bill only when a cross-bill has been filed. Sec. 36, Chap. 22, R. S. 1874. It is affirmed by the Supreme Court in Mohler v. Wiltberger, 74 Ill. 163.

The complainant may even dismiss his bill after the chancellor has orally announced his conclusions adverse to complainant. Purdy v. Henslee, 97 Ill. 389.

Even when one defendant has filed a cross-bill, complainant may dismiss his bill as to the other defendants. Blair v. Reading, 99 Ill. 600.

Messrs. MORRISON & WHITLOCK, for defendant in error.

The arbitrators in this case did not exceed their jurisdiction. In order to have rendered a complete award and to decide all the questions involved, it was indispensable they should determine the question, the decision of which, it is claimed, vitiated their finding in this case. The first objection made was that the arbitrators " exceeded their authority" in finding the sum due to Mary J. Adams and William Russell. The award found as a fact that Ives assumed the payment of these notes, which were liens on the partnership real estate, when he entered the firm, in November, 1875. They award his estate should pay these notes, with interest from March 1, 1884, " and thus relieve the partnership property from said incumbrance." How could the partnership transactions be properly closed or settled without adjusting this lien? Manifestly this debt assumed by Mr. Ives was a part of the capital he was to put in. If the firm had paid it, the effect would have been to bring him in debt to the firm that much more.

The finding of the fact that Mr. Ives assumed and agreed to pay off this incumbrance when he became a member of the firm, is conclusive upon the plaintiff in error. Sherfy v. Graham, 72 Ill. 158.

The award would not have been complete unless it had taken into consideration the question of this incumbrance, and for that omission would have been defective. Alfred v. The Kan. & S. R. R. Co., 92 Ill. 609.

Again, it was objected that the award exceeded the authority conferred, in taking into consideration and finding the sum the firm was indebted to the Jacksonville National Bank. The plaintiff in error asserts this debt " was not a partnership transaction between Ashelby and Ives." But the arbitrators, by their award, found said firm was indebted to said bank in the sum of $6,058.20, and we take it the finding of the fact is conclusive. Even a mistake in both law and fact by the board can not be changed or corrected by the courts, unless it could be made to appear the arbitrators acted, in that respect, fraudulently. Alfred v. The Kan. & S. R. R. Co., 92 Ill. 609.

No basis for an adjustment of the rights of the parties to

Ives v. Ashelby.

this suit could be arrived at so long as the firm had outstanding and unliquidated obligations. The bank is not a party to this suit. It is not bound by the decree in this suit. That creditor has the right to pursue Ashelby, the surviving partner, for the whole sum due from the firm. At the same time the bank has the right to proceed against the estate of Ives. It could have but one satisfaction.

The stipulation in the case provided, in terms, that the statement of the partnership account should be the basis of the decree. This court has ever held parties to the performance of their stipulations of record. In Coultas v. Green, 43 Ill. 277, the Circuit Court permitted the complainant Green to dismiss his bill after a stipulation in writing had been filed in the case.

The only difference between that case and this is, in Green's case the facts were made to appear from the pleadings; in this case the facts were to be found by the arbitrators.

In the Green case the Supreme Court say: "We think there can be no doubt as to the meaning of the stipulation filed. It is for a decree in the cause pending. On making this agreement and filing it, and making it a part of the record, the appellee yielded all power over the case. The agreement was mutual, also, and prevented appellant from taking any further steps in the case." See, also, Toupin v. Gargnier, 12 Ill. 79.

WALL, J. The decree was based upon the award, and the objection is that the award should have been set aside because the arbitrators exceeded the authority conferred upon them by the submission.

It was not urged in the court below, nor is it here, that there was any impropriety in submitting the controversy to arbitration, and the only point we are to consider in this connection is whether the award is within the terms of the submission.

The bill was filed three years or more after the death of Ives, and prayed for a settlement of all matters growing out of the business during the existence of the firm, and for prof-

its alleged to have been realized by defendant by reason of his management since the dissolution, and the cause, when at issue, involved a complete and final adjustment of the whole subject.

The stipulation and the order appointing the arbitrators should be read in the light of the issues thus made up.

It is not controverted that the arbitrators are a special tribunal for the determination of the matters submitted to them, and that their action in excess of authority so conferred would be void and should be set aside.

Was the authority exceeded in this instance? The plaintiff in error insists that the sole power conferred was to state an account between the partners, and determine what amount, if any, should be paid by one to the other, and urges that nothing was said about the debts of the firm, or of either party, to third parties. This point, in other words, implies that the only final conclusion to be reached by the award was how much should be paid by complainant to defendant, or by defendant to complainant.

We think this view too narrow. The stipulation, which was incorporated in the order of submission, expressly declared that the arbitrators should " take and state an account of all the co-partnership dealings and transactions between the said partners, and of all moneys received and paid out by either of them on account of the partnership property of said firm, and fix and determine what sum, if any, shall be paid by said Matthew Ashelby to said Bessie W. Ives, executrix, or by said Bessie W. Ives to said Matthew Ashelby, * * * and the award shall be accepted as a true statement of the account between the parties, and shall be entered as the finding of the court as to said accounts, and to become the basis of the decree * * * for the disposition of all the property of the firm."

The first inquiry, and, indeed, the whole inquiry, is as to the accounts between the parties. To this end it was proper to ascertain whether Ives had failed to pay the notes held by Adams and Russell, which he had assumed as a part of the consideration when he entered the firm. If he had not so

paid, he or his estate would be liable to do so, and it is immaterial whether the money be paid directly by the complainant to the holders of the notes, or to the defendant, and by him paid over. So, also, it was important to know how much the firm was indebted, either to third parties or to the individual members of the firm. Manifestly there could be no statement of account without this, nor would it be proper to order any money paid by one of the parties to the other until the claims of the firm creditors were discharged. It was ascertained that the firm owed the bank $6,058.20, one-half of which should be paid by each party, and that the firm owed the defendant $5,243.80 after turning over to him all the personal property of the firm and charging him one-half of its value, of which last sum one-half should be paid by each party. It was therefore proper to require the complainant to pay one-half of the debt to the bank, and to apply what was due from her to defendant upon his half of the bank debt, leaving him to meet the balance of $408.20, which would then be due the bank.

The same result was reached by this process that would have been if the defendant had first paid the firm debts and then received the amount for which the estate was liable from complainant. The defendant, as surviving partner, was bound to the firm creditor, and had the right to appropriate the firm assets upon such indebtedness, and could call on the estate for any balance due him on this account or on account of anything due him from the firm.

There is no excess of authority in this award. It is within both the letter and the spirit of the submission. It is not urged that the decree is erroneous if the award is good and it is unnecessary to further consider this branch of the case.

The remaining point is as to the action of the court in refusing to allow complainant to dismiss her bill after the motion to set aside the award had been overruled.

The stipulation of the parties expressly provided that the award should be the basis of a decree in said cause by said court and should be entered as the finding of the court as to said accounts. This was in effect the same as an agreement to enter a decree upon certain facts set out or in a particular form.

In Coultas v. Green, 43 Ill. 277, the parties had stipulated that a certain decree should be entered in the cause and afterward the complainant was by the Circuit Court permitted, in violation of the stipulation, to dismiss his bill. The Supreme Court held this to be erroneous and said that by making the agreement a part of the record the complainant had yielded all power over the case and that it was just and equitable that he should comply with his agreement, citing Toupin v. Gargnier, 12 Ill. 79, where, in an action at law, the parties were compelled to abide by a verbal agreement to dismiss the suit. This is decisive and settles the point against plaintiff in error.

The authorities cited in support of the general right to dismiss are not applicable when by a positive agreement the right has been waived.

No complaint is made as to the justice of the award on the proof nor are any circumstances urged which would render it inequitable to require the complainant to abide by the agreement. No other objections being presented the decree will be affirmed.

*Decree affirmed.*